IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHANNON MCLEAN                                            PLAINTIFF

v.                                          CIVIL ACTION NO. 1:19-CV-00122-GHD-RP

MISSISSIPPI STATE UNIVERSITY; et al.                       DEFENDANTS

**OPINION**

Presently before the Court is the Defendants President Mark Keenum, Dr. Andrew Mackin, Dr. Gary Burt, and Julie Burt's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Plaintiff's claims that are pending against them [17]. The Plaintiff asserts claims against President Keenum solely in his official capacity as President of the Defendant Mississippi State University; the remaining individual Defendants are sued solely in their individual capacities. The Defendant Mississippi State University is not a party to the present motion. Upon due consideration, the Court finds that the motion should be granted in part and denied in part.

### *I.*    *Factual and Procedural Background*

The Plaintiff is an active duty United States Army veterinary officer who was sponsored by the Army to further her training at the Defendant Mississippi State University ("MSU"), where she served as a small animal internal medicine resident at the College of Veterinary Medicine from July 2017 until January 2019 [Complaint, Doc. 1, at ¶11]. In January 2019, her residency was terminated by the school [Doc. 1, at ¶27]. She brings this action against MSU, its President in his official capacity, and three other MSU employees in their respective individual capacities, asserting claims for sex discrimination and retaliation in violation of Title IX, 42 U.S.C. § 1983, and the Due Process and Equal Protection Clauses of the U.S. Constitution [Doc. 1]. The

Defendants, other than MSU, have now filed the presently pending motion seeking dismissal of the Plaintiff's claims, asserting that President Keenum, who is named in his official capacity, is entitled to Eleventh Amendment immunity, and that the individual Defendants are entitled to qualified immunity.

## *II.  Standard of Review*

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

In other words, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state

2

a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

As for Eleventh Amendment immunity, asserted by the Defendant President Keenum as a bar to the Plaintiff's claims against him, the Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizen of another State . . ." U.S. Const. Amend. XI. In essence, unless an exception applies, Eleventh Amendment immunity means that "non-consenting states may not be sued by private individuals in federal court," and it encompasses "suits by citizens against their own states." *Board of Trs. Of the Univ. of Alabama v. Garrett*, 526 U.S. 356, 363 (2001). This immunity extends to any entity deemed an arm or alter ego of the state, and can include state officials sued in their official capacity, because in such instances, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Id.*; *Hafer v. Melo*, 502 U.S. 21, 25 (2000); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

As for the individual Defendants' assertion of qualified immunity, "qualified immunity serves to shield ... government officials from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 456 (5th Cir. 2001); see *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016) ("Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right.") (quoting *Mace v. City of Palestine, Tex.*, 333 F.3d 621, 623 (5th Cir. 2003)). Qualified immunity calls for a bifurcated test in which the court must first determine (1) "whether the plaintiff has alleged a

3

violation of a clearly established statutory or constitutional right that was clearly established at the time of the challenged conduct and, if so, (2) whether the defendant [official's] conduct was objectively unreasonable." *Ashcroft v. al–Kidd*, 563 U.S. 731 (2011); *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999). "Once a defendant asserts the qualified immunity defense, '[t]he plaintiff bears the burden of negating qualified immunity.'" *Id.* (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)). "Despite this burden-shifting, all reasonable inferences must be drawn in the non-movant plaintiff's favor." *Id.* (citing *Brown*, 623 F.3d at 253).

### III. Analysis and Discussion

#### a. Defendant President Keenum's Assertion of Eleventh Amendment Immunity

The Plaintiff asserts claims against President Mark Keenum, the President of Defendant MSU, solely in his official capacity [Doc. 1]. The Complaint makes clear that "only prospective equitable relief concerning violations of federal law is being sought against Mr. Keenum." [Doc. 1, at ¶ 7]. President Keenum asserts that the Plaintiff's claims against him are barred by the Eleventh Amendment and that no exception applies. The Plaintiff asserts that the *Ex parte Young*, 209 U.S. 123 (1908), exception applies to her claims against President Keenum and Eleventh Amendment immunity is therefore not applicable.

As noted above, the Eleventh Amendment bars suits by private citizens against a state in federal court; this immunity extends to state officials who are acting in their official capacity. *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). The *Ex parte Young* exception to immunity is narrow but applies when the plaintiff seeks to enjoin the subject state official to "conform their future conduct to the requirements of federal law." *Quern v. Jordan*, 440 U.S. 332, 337 (1979). In determining whether the exception applies, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly

4

characterized as prospective." *Cantu Servs., Inc. v. Roberie*, 535 Fed. Appx. 342, 344 (5th Cir. July 9, 2013). In other words, suit may be brought against a state official in his or her official capacity in certain situations where that suit seeks only prospective injunctive or declaratory relief in order to end a continuing violation of federal law. *Walker v. Livingston*, 381 F. App'x 477, 478 (5th Cir. 2010) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996)).

In making the requisite "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," see, e.g., *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997), the Court notes that the Plaintiff's complaint specifically states that "only prospective equitable relief concerning violations of federal law is being sought against Mr. Keenum." [Doc. 1, at ¶ 7]. The Court further notes that the Plaintiff has alleged violations of federal, not state, law in the complaint, and that the Plaintiff's Prayer for Relief (denoted "Remedies" in the complaint) includes prospective equitable relief, including an injunction "prohibiting any future similar violations." [Doc. 1]. Because the Plaintiff has narrowly tailored both her allegations and the relief sought against President Keenum, solely in his official capacity, the Court finds that the *Ex parte Young* exception to Eleventh Amendment immunity applies. Accordingly, the portion of the Defendants' motion seeking dismissal of the Plaintiff's claims against President Keenum is denied.

### b. Individual Defendants' Motion to Dismiss Based Upon Qualified Immunity

The Plaintiff has asserted claims against Dr. Andrew Mackin, Dr. Gary Burt, and Julie Burt, in their individual capacities [Doc. 1 at ¶¶ 8-10]. Drs. Mackin and Burt are veterinarians and faculty members at MSU's College of Veterinary Medicine; Ms. Burt is an employee of MSU who works at the College. All three individual Defendants assert that they are entitled to qualified immunity.

5

The Plaintiff's allegations, particularly in relation to Dr. Burt and Ms. Burt, are sparse and hardly rise to the level of alleging that the individual Defendants engaged in conduct that deprived her of a clearly established statutory or constitutional right. Specifically, the Plaintiff alleges that Dr. Burt and Ms. Burt, along with Dr. Mackin and Mr. Keenum, mistakenly suspected that the Plaintiff sent a letter to others (unnamed) that criticized MSU [Doc. 1 at ¶¶ 34, 47]. The Plaintiff further alleges that Dr. Mackin, who is a Professor of Small Animal Medicine and the Head of the College's Department of Clinical Sciences, sent a letter to the Plaintiff's commanding officer outlining the reasons for the Plaintiff's termination from the resident program [Doc. 1 at ¶¶ 28-29, 31-34, 52-53; Mackin Letter, Doc. No. 17-1]. The Plaintiff alleges that the letter is untrue and harmed her reputation and work for the military [Doc. 1, at ¶ 29]. No further allegations in the Plaintiff's complaint are directed towards any conduct on the part of the individual Defendants.

As noted above, qualified immunity shields state officials from suit so long as the official's complained-of conduct did not violate a clearly established statutory or constitutional right that a reasonable official would have known violated the law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011). The Plaintiff bears the burden of negating a defendant's invocation of qualified immunity. *Howell v. Town of Ball*, 827 F.3d 515, 525 (5th Cir. 2016).

In the case *sub judice*, the Plaintiff alleges that the individual Defendants engaged in the following conduct: (1) that Defendant Dr. Mackin "stridently criticized" the Plaintiff's character, work ethic, professional abilities, and emotional health in his letter to the Plaintiff's commanding officer that announced the Plaintiff's termination from her residency at MSU [Mackin letter, Doc. No. 17-1]; and (2) that all three of the individual Defendants mistakenly believed that the Plaintiff sent, to unnamed recipients, a letter critical of MSU [Doc. 1 at ¶¶ 34, 47]. The Plaintiff then, based

6

on these allegations and no others, asserts that the individual Defendants violated her equal protection rights, violated her procedural due process rights in depriving her of a liberty and property interest, retaliated against her for the exercise of her free speech rights, and violated her substantive due process rights. The Court considers these claims in turn.

As to the Plaintiff's claim of First Amendment retaliation, the Plaintiff alleges that the individual Defendants mistakenly believed that she authored and circulated a letter criticizing the School, and then retaliated against her by ending her residency [Doc. 1, at ¶¶ 47-51]. In a similar case involving this same College, however, this Court found that a veterinary student's letter criticizing the College's faulty did not provide the basis for a First Amendment violation. *Marinello v. Bushby*, No. 1:95CV167-D-D, 1996 WL 671410, at *8-*9 (N.D. Miss. Nov. 1, 1996). Given this caselaw that specifically involved MSU's College of Veterinary Medicine and a similar letter and allegations, the Court finds that the Plaintiff has not alleged a violation of a clearly established statutory or constitutional right that was clearly established at the time of the challenged conduct. Accordingly, the individual Defendants are entitled to qualified immunity as to this claim.

Next, the Plaintiff alleges claims for violation of her procedural due process rights, for deprivation of a liberty interest and a property interest. First, the Plaintiff asserts that Dr. Mackin's letter to the Plaintiff's commanding officer detailing the reasons for the Plaintiff's removal from the residency program deprived her of a liberty interest [Doc. 1 at ¶¶ 28-29, 52-56]. The Plaintiff makes no allegations in relation to Dr. Mackin's letter with respect to the other individual Defendants. The Fifth Circuit has in any event made clear that a deprivation of liberty claim lies against the government entity, "not a government employee or official." *Sims v. City of Madisonville*, 894 F.3d 632, 642 (5th Cir. 2018) (citing *Rosenstein v. City of Dallas*, 876 F.2d 392,

7

395 (5th Cir. 1989). Accordingly, the Court finds that the individual Defendants are entitled to qualified immunity as to this claim.

As for the Plaintiff's assertion of a property interest procedural due process claim, the Fifth Circuit has held that medical residents "are not employees protected by the due process clause." *Shaboon v. Duncan*, 252 F.3d 722, 732 (5th Cir. 2001); *Davis v. Mann*, 882 F.2d 967, 974 (5th Cir. 1989). The Court therefore finds, because the Plaintiff was a medical (veterinary) resident and not an employee of MSU, that the individual Defendants are entitled to qualified immunity as to this claim.

Finally, the Plaintiff asserts claims against the individual Defendants for violations of her substantive due process rights and the Equal Protection Clause. Her allegations against these Defendants, however, fall far short of demonstrating that that they violated a clearly established statutory or constitutional right in a manner that a reasonable official would have known violated the law with respect to these claims. As noted above, as to the Defendants Dr. Burt and Julie Burt, the Plaintiff makes no specific factual allegations other than that they mistakenly believed she circulated a letter critical of MSU. No further allegations regarding any conduct on the part of these two individual Defendants appears in the complaint. The Plaintiff has therefore clearly failed to meet her burden in overcoming their assertion of qualified immunity as to these claims.

As for the Plaintiff's allegations related to the Defendant Dr. Mackin, which relate to the letter he sent to her commanding officer, a substantive due process claim focuses not on the procedures that the government followed in relation to an event such as the Plaintiff's removal from the residency program, but rather on whether the government had an adequate reason for doing so. *McMullen v. Starkville Oktibbeha County Consolidated Sch. Dist.*, 200 F. Supp. 3d 649, 658 (N.D. Miss. 2016). Because federal courts are usually "not the appropriate forum in which to

8

review the multitude of personnel decisions that are made daily by public agencies," in order to demonstrate a substantive due process violation, the Plaintiff must show that her removal from the residency program was "arbitrary or capricious." See *McMullen*, 200 F. Supp. 3d at 659 (granting motion for qualified immunity with respect to substantive due process claim in favor of school superintendent and school principal in case involving discharged school district employee). Here, at least insofar as the Plaintiff's allegations against Dr. Mackin are concerned, the Plaintiff has not demonstrated that Dr. Mackin's actions violated a clearly established statutory or constitutional substantive due process right of which a reasonable person would have known, or that Dr. Mackin's actions so lacked a basis in fact that the contents of the letter were "arbitrary, capricious, or taken without professional judgment." *Id.* at 660; *Lewis v. University of Texas Med. Branch at Galveston*, 665 F.3d 625, 631 (5th Cir. 1998). Accordingly, the Court finds that Dr. Mackin is entitled to qualified immunity as to this claim.

Finally, as alluded to above, the Plaintiff's allegations with respect to these three individual Defendants in no way demonstrate that her claim for equal protection against them is viable – her one mention of comparison to her male counterparts, which focuses on her evaluation scores, was not mentioned in Dr. Mackin's letter to the Plaintiff's commander. In any event, the Plaintiff makes no allegation, particularly with respect to the three individual Defendants, that any similarly-situated male resident veterinarian was subject to the same criticisms yet was retained in the program. Such a comparison is required in order to viably state an equal protection claim. *Mitchell v. Mills*, 895 F.3d 365 (5th Cir. 2018); *Lindquist v. City of Pasadena, Texas*, 669 F.3d 225 (5th Cir. 2012); *Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). Accordingly, the Court finds that the three subject individual Defendants are entitled to qualified immunity as to this claim.

In sum, the Court finds that the Plaintiff has failed to meet her burden to negate the individual Defendants' invocation of qualified immunity. The Plaintiff has failed to show that the individual Defendants' conduct regarding the Plaintiff's termination from her residency was objectively unreasonable. The Court therefore finds that the individual Defendants – Dr. Andrew Mackin, Dr. Gary Burt, and Julie Burt - are entitled to qualified immunity and dismissal from this litigation.

### *IV.* *Conclusion*

In sum, for all of the foregoing reasons, the Court finds that (1) the individual Defendants Dr. Andrew Mackin, Dr. Gary Burt, and Julie Burt's motion for qualified immunity is granted and they are dismissed as Defendants in this litigation; (2) the Defendant President Mark Keenum's motion to dismiss based upon Eleventh Amendment immunity is denied, and he remains a Defendant in this litigation solely in his official capacity. The Plaintiff's claims against Defendant Mississippi State University and against the President Mark Keenum, in his official capacity, shall proceed.

An order in accordance with this opinion shall issue this day.

THIS, the 14th day of July, 2020.

*[signature]*
SENIOR U.S. DISTRICT JUDGE